UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BELFOR USA GROUP, INC.,

        Plaintiff,                                 Civil No. 08-12525

v.                                                Honorable David M. Lawson

INSURANCE RECONSTRUCTION, LLC
and BRAD BARRETT,

        Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART
## PLAINTIFF'S EMERGENCY MOTION FOR CONTEMPT

The plaintiff has filed a motion seeking a finding that the defendants are in contempt of a provision of a consent judgment enjoining activity that infringes on a trademark and service mark owned by the plaintiff. The defendants have offered no evidence or argument that they are unable to comply with the judgment's requirements or that they have not committed the infringing acts. Instead, they argue that the consent judgment is invalid for a number of reasons. A hearing was held on December 7, 2010. The Court now finds by clear and convincing evidence that defendants Brad Barrett and Insurance Reconstruction, LLC have violated and are in civil contempt of the consent judgment and are subject to the remedial action set out below.

I.

On August 21, 2008, the Court approved and entered a consent judgment presented by the parties, finding that the plaintiff had valid rights to the trademark INRECON. The judgment contained the following injunction:

> Defendants, their . . . officers, . . . employees, . . . and those persons in active concert or participation with them . . . are hereby permanently restrained and enjoined from registering, or directly or indirectly using "INRECON" or any other trademark or service mark of Plaintiff Belfor, or any colorable imitation thereof, including, but not

> limited to, "IN-RECON" or "FLA-INRECON," as part of any trademark, service mark or trade name, or in such a way as to be likely to cause confusion, mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff Belfor, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities, by Plaintiff Belfor. Such prohibited uses shall specifically include, but are not limited to, use in connection with disaster recovery services, data or information recovery services, and/or insurance consulting services.

Consent Judgment [dkt. #5], ¶ 9. The parties agreed to and the Court approved a provision in the judgment vesting continuing jurisdiction in this Court to enforce its terms.

The judgment was the product of a lawsuit brought by plaintiff Belfor USA Group, a company that provides disaster recovery services throughout the nation, including Florida. The services include restoring electronics, computers, and servers. In 2002, Belfor acquired the rights to the federally registered trademark INRECON from previous owners of this mark. At some point after this acquisition, defendant Brad Barrett left his position with the plaintiff and started his own company, Insurance Reconstruction, LLC, to provide database reconstruction services. The defendants apparently used the INRECON mark for their company since July 24, 2007. In late May 2008, the plaintiff learned that the defendants had filed for trademark rights over INRECON, IN-RECON, and FLA-INRECON to identify its database recovery services (for INRECON) and anticipated insurance consultation services (for the latter two). After communications between the parties and Barrett's refusal to cease and desist in his use of the INRECON mark, the plaintiff filed a six-count complaint against the defendants on June 13, 2008 alleging trademark infringement, false designation, non-registrability of the defendant's alleged mark, trademark dilution, common law trademark infringement, and common law unfair competition. The lawsuit was resolved by the consent judgment mentioned earlier.

The plaintiff has offered evidence that on July 28, 2010, Barrett filed organizational papers with the Florida Division of Corporations to establish Inrecon, LLC. Barrett sent out an e-mail on October 7, 2010 stating, "Yes it is true I am now INRECON in the state of Florida . . . ." Br. in Support of Mot for Contempt at 3 & Ex. C, Oct. 7, 2010 e-mail. After the plaintiff learned of the e-mail, it apparently began to investigate and learned that Barrett was operating a website at www.inrecon.org, using the INRECON name, and offering disaster recovery services. The plaintiff also discovered the incorporation papers at the same time. And the defendants acknowledge that they filed an application to register the marks with the United States Patent and Trademark Office (USPTO), followed by a petition to the Trademark Trial and Appeal Board (TTAB) for cancellation of Belfor's INRECON mark.

On October 11, 2010, plaintiff's counsel sent a letter and e-mail to defendants' counsel, who had signed the stipulation for the consent judgment, informing him that "your client has . . . violated the terms of the Consent Judgment and in . . . [an] egregious fashion." Br. in Support of Mot. for Contempt at 4 & Ex. F, Oct. 11, 2010 Letter. The letter demanded that the defendants take specific remedial action. The response appears to be unsatisfying: the defendants did not deny violating the injunction, but rather asserted that the plaintiff had abandoned its mark in Florida. This motion followed.

II.

The judiciary's contempt power is "one weapon in its arsenal" that may be deployed to enforce its orders. *Elec. Workers Pension Trust Fund of Local Union # 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003). The Supreme Court has characterized that power as "a necessary and integral part of the independence of the judiciary, and [it] is absolutely essential

to the performance of the duties imposed on them by law." *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 450 (1911); *see also Shillitani v. United States*, 384 U.S. 364, 370 (1966) (asserting that "[t]here can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt").

A consent judgment has features both of a contract and a judicial pronouncement. *See Williams v. Vukovich*, 720 F.2d 909, 920 (6th Cir. 1983). It is contractual in that it represents an agreement by the parties, but is a judicial act because the court's approval places the imprimatur of the court on the parties' agreement. *United States v. State of Mich.*, 940 F.2d 143, 150 (6th Cir. 1991). It is beyond debate, however, that a consent judgment is a judicial act, *see United States v. Swift & Co.*, 286 U.S. 106, 115 (1932) ("We reject the argument . . . that a decree entered upon consent is to be treated as a contract and not as a judicial act."), and its terms are enforceable by the Court through its contempt powers, *see Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716 (6th Cir. 1996).

In order to establish a contempt, the charging party must prove the existence of a court order and show that the respondent's conduct violated its terms. *Rolex Watch*, 74 F.3d at 720 (stating that the plaintiffs "ha[ve] the burden of establishing by clear and convincing evidence that the [defendants] 'violated a definite and specific order of the court requiring [them] to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" (quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987)). Since civil contempt is remedial in nature, the charging party need not establish willfulness; "intent in disobeying [an] order . . . is irrelevant to the validity of the contempt finding." *In re Jaques*, 761 F.2d 302, 306 (6th Cir. 1985) (citation omitted).

There is no contest that a court order — the consent judgment — is in place. The defendants cannot and do not dispute their knowledge of the injunctive provisions of the judgment, since they agreed to its entry by the Court. The consent judgment permanently enjoins the defendants from registering or using the "INRECON" mark (or any other trademark of the plaintiff) or an imitation thereof, including "IN-RECON" and "FLA-INRECON," in any way. This language is not ambiguous. The plaintiffs have provided evidence that the defendants registered the enterprise Inrecon, LLC with the State of Florida, represented that they were Inrecon in Florida, and maintained a website at www.inrecon.org. All of this activity is prohibited by the injunction.

The defendants do not deny that they have taken these actions. They argue instead that the plaintiff is no longer entitled to the protection of the Copyright Act because the plaintiff abandoned the use of the "INRECON" mark in Florida. The defendants request discovery on that point. They also contend that the plaintiff committed fraud on the court when procuring the consent judgment, and therefore the judgment is invalid.

These arguments talk past the issue presented for resolution, that is, whether the defendants have disobeyed the injunction embodied in the consent judgment. To the extent that the defendants attempt to collaterally attack the judgment, their arguments collide directly with a long line of cases holding that a party is obligated to comply with the terms of a court order, including a consent judgment, even if such order is not valid, until the order has been set aside. *See, e.g.*, *United States v. United Mine Workers*, 330 U.S. 258, 293 & n.58 (1947) ("an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings."); *Walker v. City of Birmingham*, 388 U.S. 307, 313-14 (1967) (noting that the defendants were precluded from attacking the court's injunction in a collateral

proceeding); *Kelly v. Carr*, 691 F.2d 800, 807 n.19 (6th Cir. 1980) ("Even assuming the injunction invalid by reasons urged by appellants, until litigated and determined so by an appellate court, the appellants remain obliged to obey the court order."). The appropriate method for challenging a court order is a motion to set aside the judgment under Federal Rule of Civil Procedure 60(b), which the defendants have not filed. The fraud argument is puzzling, since the defendants joined with the plaintiff in presenting the consent judgment to the Court.

The defendants also argue that the language of the injunction is not as clear as it initially appears, and it can be read to presume that the plaintiff has a valid and enforceable service mark before the injunction can become operative. They point to the provision stating that the defendant may not "us[e] 'INRECON' or any *other* trademark or service mark of Plaintiff Belfor, or any colorable imitation thereof" (emphasis added), and contend that if INRECON is not itself a present and enforceable mark, the injunction cannot be enforced. The defendants reason that if the plaintiff abandons the mark, the injunction is unenforceable and the defendants may challenge the plaintiff's right to it in the TTAB.

To the extent that a consent judgment represents an agreement of the parties, its meaning "is a question of contractual interpretation." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 372 (6th Cir. 1998) (citing *Huguley v. General Motors Corp.*, 67 F.3d 129, 132 (6th Cir. 1995)). State contract law provides the rules of interpretation. *Ibid.* In this case, where the contract was formed in Michigan, "[t]he primary goal in the construction or interpretation of any contract is to honor the intent of the parties." *Rasheed v. Chrysler Corp.*, 445 Mich. 109, 127 n.28, 517 N.W.2d 19, 29 n.28 (1994).

Viewing the consent judgment in its entirety, it is plain that the parties acknowledged the plaintiff's primary right to the mark INRECON and its derivatives, and they agreed that the defendants would abandon their efforts to register that mark or a closely related mark and would not use the mark in the future. In exchange, the lawsuit was dismissed. The reference to "other trademark or service mark" is understandable, since the parties acknowledged that the plaintiff owned the United States Trademark Registration for that mark and had "strong common law rights" in the mark as well. Consent Judgment [dkt. #5], ¶ 4. The parties intended that the plaintiff would continue to enjoy its right to the mark, *and* that the defendant would not use or try to use it in the future. The defendants' effort to engraft a requirement that the plaintiff's right to the mark has not been abandoned as a condition of enforcing the injunction is not supported by a plausible reading of the consent judgment. The parties intended that in exchange for dismissing the lawsuit and the plaintiff's forbearance on the damages claim, the defendants would not use the mark or try to register it in the future.

As noted above, the plaintiff offered unrebutted proof that the defendants have used the mark and filed papers with the USPTO to register the mark in their name. The plaintiff has shown by clear and convincing evidence that the defendants have violated the injunctive provisions of the consent judgment. The Court finds that they are in contempt of the Court's judgment.

The plaintiff seeks as relief an order that restores its rights in the mark and compensates it for the loss caused by the defendants contumacy. At the hearing, the plaintiff clarified that it wants an order requiring the defendants (1) to abandon the application filed with the USPTO for the INRECON mark, serial number 85158177; (2) to withdraw the petition for cancellation of the Belfor INRECON mark filed with the Trademark Trial and Appeal Board (TTAB), cancellation number

92053203; (3) to expressly withdraw the Florida registration for Inrecon LLC, and cease all use of that name as a trade name or corporate name; (4) permanently to cease all use of the term INRECON in any form as a trademark, service mark or trade name, or in any way promoting the defendants' business and services; (5) and to transfer to Belfor, at the defendants' sole expense, the domain name, also known as a URL, of Inrecon.org and any other URL containing the term, Inrecon.

In civil contempt proceedings, "[j]udicial sanctions . . . may, in a proper case, be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *United Mine Workers of Am.*, 330 U.S. at 303-04. The Court finds that the proposed remedies are reasonable for the most part and designed to achieve those ends. At the hearing the defendants represented that they had withdrawn the Florida business registration. Counsel for the plaintiff stated that this Court's decision would be dispositive of the proceedings pending in the TTAB. Therefore, it appears that no affirmative order from this Court is necessary to achieve those forms of relief.

The plaintiff also seeks sanctions, costs, and attorney's fees, but has provided the Court with neither proposed amounts nor any evidence to support these amounts. No evidence of costs, expenses, or other losses was offered by the plaintiff at the hearing, despite having the opportunity to do so.

III.

The Court determines that the plaintiff has carried its burden to establish that the defendants are in contempt of the Court's consent judgment. Remedial sanctions are required to address the disobedience of the order.

Accordingly, it is **ORDERED** that the plaintiff's emergency motion for a contempt finding [dkt #7] is **GRANTED IN PART**.

It is further **ORDERED** that the defendants Brad Barrett and Insurance Reconstruction, LLC, and each of them, are found in **CONTEMPT** of this Court's judgment dated August 21, 2008.

It is further **ORDERED** that the defendants Brad Barrett and Insurance Reconstruction, LLC, and each of them must forthwith do all of the following:

(1) Disable and assign to plaintiff Belfor the domain name (URL) inrecon.org, as well as any other URLs incorporating the INRECON mark, at their sole expense;

(2) Abandon the application filed with the USPTO for the INRECON mark, serial number 85158177; and

(3) Cease all advertising and promotion of their services under the name INRECON, and any similar name and cease all use of the name INRECON in any form as a trademark, service mark, and trade name.

It is further **ORDERED** that if the defendants fail or refuse to complete items (1) and (2) and furnish proof of completion to the Court on or before **December 17, 2010**, the defendants shall pay to the plaintiff the sum of **$500** for each day after December 17, 2010 that the items remain incomplete.

It is further **ORDERED** that the plaintiff's request for additional costs and attorney's fees is **DENIED** because the plaintiff has not submitted any evidence of the fact or amount of these expenses.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: December 10, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 10, 2010.

                                              s/Deborah R. Tofil
                                              DEBORAH R. TOFIL